EBENEZER CLARK *v.* THOMAS H. ADAMS AND LUTHER DUTTON.

The owner of improved land may use all lawful means, within his power, to enforce his right to exclusive possession of his land, although the land may not be surrounded by a legal fence.

If cattle trespass upon improved land, which is not surrounded by such a fence as required by statute, the owner of the land may drive them off, and may, for this purpose, set a dog upon them, provided he is not in any way wanting in ordinary care and prudence, arising from the size and character of the dog, or in the manner of setting him upon the cattle and afterwards pursuing them.

TRESPASS for chasing and worrying cattle with the dog of the defendants, thereby causing the death of a certain heifer. Plea, the general issue, and trial by jury,—BENNETT, J., presiding.

On trial the plaintiff gave evidence, tending to prove, that on the eighth day of June, 1843, and for a long time previous thereto, the defendants occupied and improved a piece of land, which was properly fenced on three sides, but was not separated, on the fourth side, by any fence, from a large piece of wood land, owned by another person, who had never enclosed the same, but suffered it to lie common; that, some years before, a brush fence had been made between the wood land and the highway, but had been, for a few years, but very little repaired; that the plaintiff's cattle had several times passed through the woodland on to the defendants' land; that on the eighth day of June, 1843, towards night, the plaintiff's cattle were on the defendants' land, and the defendants set their dog, which was of more than medium size, to drive the cattle off their land; that the dog pursued the cattle into the border of the wood land, and was heard barking there, apparently stationary, for some time; and that, the next day afterwards, the plaintiff's heifer, then forward with calf, was found lying upon the ground, in the border of the wood land, but on the defendants' land, entirely helpless; and that the heifer continued helpless for a few days, and then, growing more and more weak, was killed.

The defendants gave evidence tending to disprove these facts, and also evidence, that the dog, though of more than medium size, was not ferocious, and not wont to do injury to cattle, when set up-

54

Clark *v.* Adams et al.

on them, but the contrary,—which evidence was admitted without objection. It did not appear, that the heifer was at any time off the defendants' land, from the time the dog was set upon the cattle, until she was taken off by the plaintiff, after being found helpless upon the ground, as above stated.

The counsel for the plaintiff contended, that, if the jury should find, that the defendants set their dog upon the plaintiff's cattle, as the plaintiff had attempted to prove, and that the injury to the heifer was occasioned thereby, they must return their verdict for the plaintiff,—insisting, solely, that the defendants had no right to set their dog upon the plaintiff's cattle, although they were upon the land of the defendants,—and requested the court so to charge the jury.

But the court charged the jury, that, if they found that the plaintiff's cattle were upon the defendants' land, doing damage, they had a right to drive them off; and that, if they employed their dog for this purpose, by setting him upon the cattle, and were not in any way wanting in ordinary care and prudence, arising from the size and character of the dog, or in the manner of setting him upon the cattle and afterwards pursuing them, they must return their verdict for the defendants, notwithstanding they should find, that the heifer in question was injured by means of the dog having been set upon the cattle.

Verdict for defendants. Exceptions by plaintiff.

*Hebard & Steele* for plaintiff.

1. The act complained of was a direct invasion of the plaintiff's right of property, and resulted in a damage; and this being true, the remedy is by action of trespass. It is believed that there is not an authority, to sustain the charge, to be found in any book; and the charge is as much at war with *principle*, as *authority*. It makes no difference in what manner the injury happens, provided the act, which causes it, be direct, whether it be by *striking*, by *throwing*, by *shooting*, or by *setting on dogs*. That the plaintiff's cattle were doing damage upon the defendants' land can make no difference. For that injury he can take his remedy only in the manner provided by law; and that is by *distress*, providing his fences were legal; and if they were not, the defendants were the first in the wrong.

2. This action is trespass, and the question of ordinary *care* and *prudence* is not involved in the inquiry. If the action had been *case*, it would be otherwise. The only inquiry was, whether the acts charged were committed. If the facts set forth in the declaration constituted the action of *case*, and not *trespass*, the defendants should have demurred. The *character* and *size* of the dog, and the *purpose* and *manner* of setting him upon the cattle are none of the elements, which constitute the cause of action. The doubtful authority from Swift's Digest does not conflict with this position. The case finds, that this was *not* " a little dog."

That the defendants had a right to drive the cattle from their land does not affect the question. The bailee of a horse has a right to use the horse in any manner consistent with the *bailment ;* but if he kill the horse, he becomes a trespasser.

3. Another reason, and, if possible, more conclusive than the other, is, that the facts relied upon in defence should have been pleaded. The charge of the court went upon the ground, that, if certain facts were proved, the defendants were justified ;—that is, they had a " right " to do as they did. This is nothing that is put in issue by the pleadings, and of course could not operate as a defence. *Watson* v. *Christie,* 2 B. & P. 224. Matter of *justification* and *excuse* must always be pleaded. 1 Chit. Pl. 493.

*J. L. Buck* for defendants.

1. In actions *ex delicto,* where the plaintiff claims to recover on account of some imprudent act of the defendant, without imputing to him any intentional wrong, the plaintiff must show himself to have exercised ordinary care and prudence. The case shows, that the plaintiff suffered his cattle to go at large, and that they were in the defendants' inclosure, doing damage, when the accident happened. This shows negligence on the part of the plaintiff. *Deane* v. *Clayton,* 7 Taunt. 489, [2 E. C. L. 183.] *Mooney* v. *Maynard,* 1 Vt. 417.

2. The owner, or keeper, of domestic animals is not liable for their acts, unless such owner does some unlawful act, or is guilty of some negligence. 1 Sw. Dig. 551. Trespass will not lie, where the injury results from accident. *Vincent* v. *Stinebour,* 7 Vt. 62. The finding of the jury negatives all idea of negligence, or imprudence,

---

Clark *v.* Adams et al.

---

on the part of the defendants, both as to the character of the dog and the manner of setting him upon and pursuing the cattle. As there was no negligence, or imprudence, on the part of the defendants, the injury must have resulted from accident, for which no action will lie. 20 Vin. 526. 4 Burr. 2094.

The opinion of the court was delivered by

ROYCE, J. The only questions litigated at the trial appear to have been, whether the defendants had a legal right to set their dog upon the cattle, and whether the right was properly exercised, if they possessed it. And as no objection was then taken to the defendant's evidence, for want of a special justification, nor any question raised as to the effect of the pleadings, it is now too late to start objections on that ground. It is true, that, by the case as originally certified and first presented to this court, I should have felt constrained to say, that the plaintiff was entitled to the charge requested; for that the request might justly be understood as being predicated, not merely upon the evidence given, but also upon the issue formed by the plea of not guilty. But an amendment has been made by the judge who presided at the trial ; and since it now appears, that the request had reference avowedly and solely to the rights of the parties as arising from the facts of the case, this difficulty is removed.

It is claimed, that the act of the defendants was unlawful, because the land, from which the cattle were driven, was not enclosed by a legal fence. But this objection can avail nothing for the present purpose. It was not a highway, nor a common, but cleared and improved ground, which the defendants owned and occupied exclusively. At common law they might have distrained the cattle, or supported an action of trespass against the plaintiff. And although, by our statutory regulations in regard to fences, they may have been deprived of those remedies, (a point, however, not now in judgment,) yet their right to exclusive possession and enjoyment was not thereby lost. They were consequently entitled to enforce that right, by all other lawful means within their power. Of course, then, they might drive the cattle from the land, and we have only to enquire, whether they were authorized to do this by means of their dog, in the manner they did.

Clark *v.* Adams et al.

I have met with no decided case, or other authority, which has denied the right of a party, at common law, to use a dog in driving from his own grounds the cattle of another, which were wrongfully there doing damage.  On the contrary, it is said by Ch. Baron Comyns, that "if a master set on his dog to chase sheep out of his land, and the dog pursue them into another's land, and the master recall his dog *quam cito vidisset,* an action does not lie." 1 Com. Dig. 419, citing Latch 119.  And the case, cited upon the present argument, of *Millen* v. *Fandrye,* stated by ASTON, J., in 4 Burr. 2094, from Popham 161, is precisely to the same effect.  It is true, that the action was there brought by the owner of the land into which the sheep were driven.  But the decision must have proceeded on the ground, that the driving from the party's own land was lawful. Otherwise the trespass complained of could not have been excused, as having been unavoidable, or involuntary ; for one trespass can never be justified, or excused, by another.  The law of these cases is adopted and sanctioned by Judge Swift in his Digest, page 527. We do not consider ourselves at liberty to deny the present existence of such a right.  Nor do we think, that, after the finding of the jury in favor of the defendants, it can be justly held, that the right was improperly exercised in this instance.  The question in such a case should always be, whether the party acted with a due regard to the preservation of his neighbor's property from injury, merely intending a prudent and safe exercise of his own right.  Judge Swift's distinction between a little dog and a large one, as furnishing a uniform test of the party's right, has been properly waived by the plaintiff's counsel.  The instructions to the jury were sufficient to comprehend all that the law required of these defendants.  From the facts detailed we might, indeed, be led to suspect, that the defendants did not use the requisite diligence to call in their dog, when the lawful purpose of pursuing the cattle was accomplished.  But as the charge laid down the correct rule, though in terms somewhat general, we are not to assume, that the jury failed to understand the rule, or rightly to apply it to the evidence.

Judgment of the county court affirmed.