## RUSSELL v. HANLEY.

1. **Railroads: FENCES: NEGLIGENCE.** As to third persons, it is the duty of railroad companies not only to fence their roads, but to keep the gates at private crossings in repair and closed: but where a road is properly fenced and the company uses the necessary care and caution in keeping it up or in good condition, and it is thrown and left down or open by the act of a third person, without the fault of the company, the liability for the injury is upon the party thus throwing down or leaving open the fence, and not upon the railroad company.

*Appeal from Dubuque District Court.*

MONDAY, APRIL 9.

PLAINTIFF's petition makes the following case: On the 25th of December, 1864, two steers and a cow belonging

to plaintiff, of the value of ninety dollars, while at pasture on the adjoining uninclosed land, strayed on to the defendant's inclosure through the insufficiency of the fences around the same, and because of defendant's carelessness and negligence in leaving the gate leading from the common to said inclosure open. On the same day defendant willfully left the gates leading from his inclosure on the track of the Dubuque and Sioux City Railroad Company open, so that the cattle aforesaid passed from said defendant's land aforesaid on to said track, and were then and there struck and injured by the engine and cars of said company, by which injuries they died, &c.

Defendant demurred to this petition: 1st. Because it does not show that any duty rested on defendant in relation to said railroad gates. 2. Plaintiff's remedy is against the company. 3. The railroad company had no right to obstruct defendant's right of way with gates, and to throw on him the burden of keeping the same closed.

This demurrer was sustained and plaintiff appeals.

*J. Douglas Langworthy* for the appellant, cited *Alger* v. *The Mississippi and Missouri Railroad Company*, 10 Iowa, 268; *Heatth* v. *Coltenback*, 5 Id., 490; *Wagner* v. *Bissell*, 3 Id., 396; *Toledo and Wabash Railroad Company* v. *Fowler*, 23 Ind., 316; *McCall* v. *Chamberlain*, 13 Wis., 637; *Poler* v. *The New York Central Railroad Company*, 2 Smith (N. Y.), 476; *Indianapolis and Cincinnati Railroad Company* v. *Adkins*, 23 Ind., 340; *Indianapolis and Cleveland Railroad Company* v. *Shimer*, 17 Ind., 293; *Brooks* v. *The New York Central Railroad Company*, 13 Barb., 594.

*Griffith & Knight* for the appellee.

Russell v. Hanley.

WRIGHT, J. — In this State, if a railroad company fails to fence its road, it is absolutely liable for stock injured or killed by reason of the want of such fence, unless the injury is occasioned by the willful act of the owner; and under certain circumstances the company is made liable for double the value of the property. Ch. 169, Laws 1862, p. 198. And see *Jones* v. *Galena and Chicago Union Railroad Company*, 16 Iowa, 6; *McCool* v. *Same*, 17 Id., 461. Before the passage of this statute it had been held, that to permit cattle to run at large, did not impute negligence on the part of the owner, and that such cattle would not be trespassers if found on the track of an unfenced railroad. *Alger* v. *Mississippi and Missouri Railroad Company*, 10 Id., 268. And in the same case it was held that if the track was properly fenced or inclosed, the company would be liable only for gross negligence. These rules remain unchanged to this time in this State.

*1. RAILROADS: fences; negligence.*

If the company, then, shall properly fence its road, and erect gates at private crossings, for the accommodation of the adjoining proprietor, is it liable for injury to stock getting on to the track, by reason of defect in such gates, or the failure to keep the same properly closed and fastened? We entertain no doubt that, as to third persons, it is as much the duty of the company to keep the fence, in all its parts, in repair as to erect it in the first instance. When the passage way is made for the convenience of the adjoining proprietor, then if his stock shall get upon the track because of his negligence in leaving the gate open, he could not (except in cases of gross negligence, certainly, on the part of the company) recover for any injury the stock might receive. And the same rule would obtain as to third persons guilty of like negligence. When the road is properly fenced, and the company uses the necessary care in keeping it up or in good condition, and it is thrown or left down or open by the act of a third person, without

the fault of the company, this, in our opinion, would be a good defense in an action against the railroad for injury to stock getting on to the track because of such fault or act of a third person. To this effect see *Great Western Railroad Co.* v. *Helm*, 27 Ill., 199; *Galena and Chicago Union Railroad Co.* v. *Crawford*, 25 Id., 534; *Joliet and Northern Indiana Railroad Co.* v. *Jones*, 20 Id., 226; *Illinois Central Railroad Co.* v. *Dickerson*, 27 Id., 56; *Indianapolis and Cincinnati Railroad Co.* v. *Adkins*, 23 Ind., 340; *Indianapolis and Pittsburg Railroad Co.* v. *Shimer*, 17 Id., 295; *Brooks* v. *New York and Erie Railroad Co.*, 13 Barb., 594; Redf. Railw., § 167.

But assuming that under such circumstances the company might be made liable, does it therefore follow that the third person would not also be ? In other words, if by the fault or willful act of a third person the fence is torn or left down, may not the party injured elect which he will sue, and is he confined to his remedy against the company ? It often occurs, as is well known, that a party has his election of remedies, as also a right to determine of which one of several persons, equally guilty, he will seek his recovery. The question then remains whether, under the facts stated, defendant is liable.

In this State cattle are " free commoners." *Alger* v. *Mississippi and Missouri Railroad Company*, 10 Iowa, 268, and cases there cited. If found on the inclosed lands of another, or those not inclosed as required by the statute, they are not trespassers. The owner of the land may drive them off and use all proper or necessary means to do so, or may take steps to prevent their ingress, without being liable to complaint by the owner of the cattle. *Clark* v. *Adams*, 18 Vt., 425; *Humphreys* v. *Douglass*, 10 Id., 71; *S. C.*, 11 Id., 22; *Lords* v. *Wormwood*, 29 Ma., 282; 1 Hill. Torts, 558, 559; and see, *Carruthers* v. *Hollis*, 8 A. & E., 113. But though they are not trespassers, we are

not to be understood as holding, that if injured by falling into a ditch, or by the falling of a tree, while upon such land, the owner could recover. See *Powell* v. *Salisbury*, 2 Y. & J., 391.

This right to drive off or prevent the ingress of cattle upon grounds not sufficiently inclosed, does not, however, authorize the owner of the land to drive them into an inclosure properly fenced, whether he gets them there by tearing or letting down the fence, or through a gateway leading into the same. He may remove them from his own land, but must not, in so doing, make them trespassers upon the possession of another. See *Gardner* v. *Rowland*, 2 Ired., 247.

Cattle, then, being free commoners, and being upon lands not properly inclosed, and there because of the negligence and carelessness of the owner of the land, in leaving open the gate leading from the common to the inclosure; suppose such owner *willfully* leaves open a gate leading from his inclosure to the inclosure of another, and the cattle pass through this gate and are injured, without the fault of the last owner, is the party guilty of this willful act liable? It seems to us he is, and that the demurrer in this case should, therefore, have been overruled.

If these cattle were improperly upon the track, and they were injured without the fault of the company, the railroad would not be liable. And aside from some act or omission of the company subsequent to their getting upon the track, the loss would either fall upon the owner of the cattle or the person on account of whose act or omission they were improperly allowed to thus trespass. The loss should not, reasonably, fall upon the owner, for he was guilty of no wrong. In fairness and justice, it should fall upon the defendant, for he *willfully* left open the gate through which they passed on to the track. The act was mischievous, at least, if not illegal. From the known

danger to cattle or property when upon the track of a rail-way fenced as this was, and the like disposition of cattle to pass through a way thus left open, the deduction is legitimate that such an act would be likely to result in injury to others. At all events, though there may have been no intention to do the particular injury which followed, yet, as the act was dangerous to the property of others, one which evinced a disregard of consequences, defendant should be held answerable for the consequences directly resulting from his conduct. *Vandenbergh* v. *Truax*, 4 Denio, 464. For one who does a wrong is, at least, responsible for all the consequences that may reasonably be expected to result, under ordinary circumstances, from such misconduct. *Rigby* v. *Hewitt*, 5 Exch., 243. So, if A. officiously interferes with the property of B., without permission, he is liable for the consequences thereof, whatever may have been his intention. *Wright* v. *Gray*, 2 Bay, 464. And it was held in *Crawford* v. *Maxwell*, 3 Humph., 476, where the defendant entered the plaintiff's inclosed field by legal permission, but in so doing left the fences down, whereby cattle entered and destroyed the crop, he was nevertheless liable.

It must be borne in mind that the policy of the statute in requiring the company to fence its road, or in imposing penalties under certain circumstances for failing to do so, is not to secure a fence between the line of the road and the adjoining proprietor, nor for his protection alone, but to prevent the stock of persons generally from passing on to the road, where it is in constant danger of injury. It is a regulation for the benefit of the public, and not for the land owner only. Then again as the company is required to fix a crossing for the proprietor, where the road runs through his land, the obligation to provide or allow to be provided an entrance thereto, when the fence on each side is made, would seem necessarily to follow.

This being the policy of the statute and the obligation imposed on the company, the adjoining proprietor is held to a due degree of care in looking to these entrances (gateways or bars), and should not be allowed willfully to leave them open, and thereby endanger the stock of third persons. These ways and the gates leading thereto are made for the accommodation of the proprietor, and as he could not recover (in the absence of gross negligence certainly on the part of the company) where his own stock is on the road because of his negligence in leaving open the gate, neither ought he when thus accommodated, by his willful and negligent act, to endanger the property of others. The company does its duty in giving him the crossing and gates leading thereto, and the consequence of his negligent act, in view of his responsibility, ought not to be visited upon the company. Any other view would either leave the third person or the public without remedy, or to seek it against the company, which may be entirely without fault. There is, according to this petition, a fault, a wrong resulting from the willful act of the defendant, and for it, he should be held liable.

Reversed.