LIDDLE v. KEOKUK, MT. PLEASANT & M. R. R. Co. *et al.*

1. **Railroads:** LIABILITY FOR STOCK INJURED: LESSEE NOT LIABLE UNDER ACT OF 1862. A lessee of a railroad company, who is in possession of and operating the road, does not come within the purview of section 6, chapter 159, Laws of 1862, making liable such companies for stock injured upon roads operated by them, where they have the right to fence; and no recovery can be had against such lessee under said act.

2. —— NEGLIGENCE OF LESSEE. But the lessee might be held liable for stock injured through his own or his employees' negligence.

3. —— LIABILITY OF INDIVIDUAL OPERATORS. And if one or more individuals, though without a corporate existence, should build, or run and operate a road as their own, it seems they would come within the spirit if not the language of the act.

*Appeal from Lee District Court.*

THURSDAY, DECEMBER 12.

THIS cause was heard and determined by the judge below, without a jury, upon the following agreed facts: Plaintiff's cow, of the value of fifty dollars, was killed, May 31, 1866, by the engine running on the track of the railway company. The other defendant, Kilbourne, was at the time "individually the lessee, and in the possession of and running said road." The road was not fenced. Due notice was given as required by the statute, of the killing, on the company and lessee. No proof of carelessness, nor was the cow killed by any willful act of plaintiff or his agent. Judgment against the company for $100, and the cause dismissed as to Kilbourne. From this latter order plaintiff appeals.

*Robert H. Gilmore* for the appellant.

*Henry Strong* for the appellee.

WRIGHT, J. — This case involves a construction of section 6, chapter 169, Laws of 1862 (p. 197). And, though this section has frequently received a construction at our hands, the point here made is new. The statute is, that any railroad company hereafter running or operating its road in this State, and failing to fence, etc., shall be absolutely liable to the owner of any live stock injured, etc. In case the company thus liable shall neglect or refuse to pay the value after thirty days' notice, etc., it shall be held for double the value, etc. Was the lessee, "in possession of and running said road," under the agreed facts, liable, equally with the company?

*1. RAILROADS: liability for stock injured: lessee not liable under act of 1862.*

Our opinion is that the statute will not warrant this construction. The language is clear, plain and fairly susceptible of but one meaning. The law does not require a lessee to fence the road, nor make him liable for injuries to property if he does not. Giving it the most liberal construction, keeping in view the object and spirit of the entire chapter, we still think it would require at our hands the clearest judicial legislation, to extend it so as to cover plaintiff's claim.

It is the company that has the power and right to fence — the company organized under the general incorporation act — and it is this voluntary association, possessing the power to protect itself, which is made liable for a failure to comply with the implied, not express, requirements of the statute. A lessee's term may continue for one day, one month or one year.

In case of negligence of his employees, or of his own, in the particular case, he might be liable. The liability of the company is absolute, not depending upon the question of negligence, provided the loss occurred by reason of the want of such fence. It was competent for the legislature to make any one liable

*2. —— negligence of lessee.*

criminally for running a train on a road not fenced, or to make lessees and employees responsible for stock killed or injured thereon, but for reasons doubtless satisfactory and reasonable, the language of the act limits the liability to the company. And there would be as good ground for extending it to employees, the engineer and conductor, as to a lessee. We do not say that the law making power might not more consistently include the lessee than the employee, nor that this might not be done with much consistency, but what is meant is, that as the law now stands there is no more warrant for including the one than the other. If the killing was the result of the willful act of the appellee, a different question would arise, and the case of *Russell* v. *Harby* (20 Iowa, 219), cited by appellant, would be applicable. Nothing of this kind appears.

We have said that it is the *company* — a company

3. —— liability of individual operators. organized, etc., which is made liable. If a case should occur where one or more individuals, without a corporate existence, should build a road, or should run and operate it as their own, having right to fence, and under the like liability, we should not hesitate to hold that they would be within the spirit, if not the very language, of the act. But a lessee comes within neither the letter nor spirit.

Affirmed.