TYSON v. THE K. & D. M. R. Co.

1. **Railroads**: PRIVATE CROSSING. A lane leading from the highway to plaintiff's residence crossed the railway track, and at each end of the lane were gates, which, with the inclosing fences, were maintained by him. His cow having been killed upon the private crossing, it was *held* that the company were justified in assuming that he preferred the open crossing, and that he could not recover for the killing of the cow.

*Appeal from Van Buren Circuit Court.*

TUESDAY, APRIL 25, 1876.

THE plaintiff's cow was killed by the defendant's train, at and on a private crossing of the plaintiff, where a lane leading from the public road to the residence of the plaintiff crosses the railroad track. On both sides of the lane, upon the railroad track, are cattle-guards. The lane is a private road on plaintiff's land, through which he reaches the public road. It is closed at each end by gates, one being at the public road, and the other being at the plaintiff's house. Where the lane crosses the railroad, there are no gates. The lane fences and the two gates were erected by the plaintiff, and are maintained by him. Trial to the court. Judgment for defendant. Plaintiff appeals.

*Lea & Beaman*, for appellant.

The provisions of the statute making railway companies liable for injuries to stock, occurring where they have the right to fence, but have failed to do so, are similar to the Indiana statute, under which it has been held that they have the right to fence at private crossings, and are liable for stock killed there. (*I. & C. R. Co. v. Lowe,* 29 Ind., 545; *I. & C.*

*R. Co. v. Seamon*, 18 Ind., 173.) The rule is the same in New Hampshire. (*Horn v. A. & St. L. R. Co.*, 35 N. H., 169.) And in New York. (*Fanning v. L. I. R. Co.*, 2 N. Y., Sup. Ct., 585.) It is the duty of the railway company to put up the fence, and see that it is kept in repair. (*Bartlett v. D. & S. C. R. Co.*, 20 Iowa, 188.) The company has the right to fence across the land owner's private way. (*Russell v. Hawley*, 20 Iowa, 219.) It must use reasonable care in keeping up bars and fences at private crossings. (*Aylesworth v C. R. I. & P. R. Co.*, 30 Iowa, 459; *Perry v D. S. W. R. Co.*, 36 Id., 102.)

*John Fyffe* and. *Gillmore & Anderson*, for appellee.

The Supreme Court of this State has expressly held that the law did not require railway companies to construct cattle-guards at private crossings. (*Bartlett v. D. & S. C. R. Co.*, 20 Iowa, 188; *Gray v. B. & M. R. R. Co.*, 37 Id., 123.) When the railway runs between a citizen's residence and the highway, he has a right to insist that an open crossing shall be provided for him. (*Gray v. B. & M. R. R. Co., supra.*)

ADAMS, J. It is claimed by the plaintiff and appellant that it was the right of the railroad company to fence by erecting and maintaining gates across said lane at the railroad track. Whether such was the right of the company, or whether it was justified under the circumstances in assuming that the plaintiff desired and was entitled to an open crossing, is the question in this case. By allowing the plaintiff an open crossing, as the company did, he was relieved from the inconvenience and danger attending the opening and shutting of gates in the close proximity of passing trains. On the other hand, he was subjected to loss and inconvenience in the maintenance of the lane. If we hold that it was the right of the company to erect and maintain gates at the railroad, then those who prefer an open crossing will be deprived of it. If it is held that the company had not such right, the burden of maintaining a lane will be imposed upon many who might prefer to be relieved of it, even at the loss of an open crossing.

The case of *Bartlett v. Dubuque & Sioux City R. R. Co.*, 20 Iowa, 188, turned upon the assumption that the company had a right to fence. The case of *Russell v. Hanley*, 20 Iowa, 219, turned upon an assumption, identical therewith, that the land owner had no right to an open crossing.

In *Gray v. The Burlington and Missouri River R. R. Co.*, 37 Iowa, 119, it was held that the plaintiff had a right to an open crossing.

Neither of these cases was precisely like the case at bar. The plaintiff in this case was maintaining a lane closed by a gate at each end, one on the public road, and the other at his house. So far as the record shows, he was doing so without objection. The lane fences and gates might be regarded as constituting a part of the railroad fence merely set out upon the land owner's premises, and maintained by him for his accommodation. These fences and gates constituted as effectual a barrier against cattle not admitted to the lane, as they would have done if they had been in the line of the road.

While the plaintiff was maintaining the fences and gates, apparently for the purpose of enjoying an open crossing, we think the company was justified in assuming that he preferred an open crossing. It was not for him to complain, therefore, that his cow strayed upon the track. *Indianapolis, Pittsburgh & Cleveland R. R. Co. v. Shimer*, 17 Ind., 295.

AFFIRMED.