## MACKIE v. THE CENTRAL RAILROAD OF IOWA.

1. **Railroad:** INJURY TO STOCK: DEFECTIVE GATE. The gates which a railway company is required to maintain at private crossings constitute a part of its fence, and the company is liable, under section 1289 of the Code, for injuries to stock by reason of the defective condition of such gates.

2. —: —: NOTICE. It is not essential that the notice and affidavits required to be served upon the railroad company, where damages are claimed for stock killed, should contain anything more than a statement of the claim, and the fact of the injury.

3. —: —: DAMAGES. The double damages authorized to be recovered by section 1289 of the Code are not in the nature of a fine or penalty, but are simply the measure of damages fixed by the statute for a private wrong, and as such do not render the provision unconstitutional.

4. —: —: EVIDENCE. Evidence of the condition of a gate, through which stock strayed upon a railway track and were injured, three days after the injury was held competent, it not being shown that its condition had been changed during the interval.

5. **Practice in the Supreme Court:** INSTRUCTIONS. A cause will not be reversed by the Supreme Court because of the failure of the trial court to instruct the jury more fully, when no further instructions were requested, and those given were correct.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 7.

ACTION to recover double damages, under the statute, for the destruction of four horses and a colt by a train upon defendant's railroad running over them, at a point where defendant had a right to fence the road. There was a verdict and judgment for plaintiff for double the value of the property. Defendant appeals.

*O. C. G. Phillips, Boardman & Daly,* and *Williams & McMillen,* for appellant.

*John F. Lacey,* for appellee.

BECK, J.—I. It is shown by the evidence, and admitted by counsel of defendant in their argument, that the horses killed by defendant's train went upon the railroad track through a gate which defendant was by law required to maintain at a private crossing of the railroad. The evidence tends to show that the fastening of the gate was defective, and for that reason the horses were enabled to go upon the railroad track. The killing of the horses by defendant's train, and their value, are not matters of dispute.

II. The objections made by defendant to the judgment we will proceed to consider in the order they are discussed by counsel. The defendant's counsel first insist that, as defendant was required to keep a gate at the private crossing, it had no right to make a fence there, and, therefore, it is not liable under Code § 1289, which imposes liability for failure to fence the road at points where the right to fence exists. The thought is this: a gate is not a fence, the defendant was under obligation to keep a gate, therefore it had no right to fence. But the error of the position is obvious. *To fence* means " to inclose with a fence or other protection." A gate is a protection. It is a contrivance for passing through a fence. It is, indeed, a part of the *fence*, which is defined to be " a protection," " an inclosing structure of wood, iron, or other material, intended to prevent intrusion from without or straying from within." A gate is a necessary part of such inclosing structure; it is a part of the fence. See *McKinley v. C., R. I. & P. R. Co.*, 47 Iowa, 76.

III. It is next objected that the notice of the destruction of the horses, and the affidavits accompanying it, served upon defendant under the requirements of Code, § 1289, are not sufficient. This section provides that " a notice in writing, accompanied by an affidavit of such injury or destruction," shall be served upon certain officers or employes of the defendant. It is insisted that the notice and affidavits should show that the horses were " running at large,"

*[margin: 1. RAILROADS: injury to stock : defective gate.]*

*[margin: 2. ——: ——: notice.]*

and that they were destroyed "without the willful act of the owner." The statute requires that the railroad company shall be informed by the notice and affidavit of the fact of the injury to the property; no further requirement is found in the provision. We know of no reason supporting defendant's claim that the notice and affidavit must show the facts insisted upon by counsel.

IV. It is urged that the affidavit does not show that the notary public who administered the oath is a notary, and had authority as such. We do not know how these things could be shown by the affidavit more clearly than they do appear. Upon its face the county wherein the act of the notary was done is shown in the usual manner of stating the venue. The notary affixes his official designation to his signature, and his seal shows the city of his residence. From these things it clearly appears that the oath was administered in Mahaska county, wherein the notary resided.

V. Counsel for defendant insists that the statute under which the action is brought, in providing for double damages, is in conflict with sections 1 and 9 of the bill of rights, and article 9, division 2, sections 1 and 4 of the constitution, which protect the property of the citizen, and secure it from deprivation except by due process of law, and require all fines and penalties to be paid into the school fund of the State.

3. ——: ——: damages.

The double damages provided for is not a fine or penalty. It is the measure of damages fixed by the statute when an injury is inflicted. *Koons v. C. & N. W. R. Co.*, 23 Iowa, 493. In such cases, as well as in cases of violation of contract or neglect of legal duty or obligation, the legislature may fix the measure of damages to be recovered. The statutes fixing damages upon dishonored bills of exchange, and interest upon delinquent taxes, are of this character. It has never been held that they are in conflict with the constitution.

While the constitution secures the possession and enjoyment of property, it is held subject to legislation providing for the

enforcement of contracts, the discharge of civil duties and for remedies for private wrongs. The statute in this case provides a remedy for a private wrong, an injury to the property of the citizen, to be enforced in the courts of the State. This remedy is enforced by due process of law. It cannot be defeated by the constitutional guarantees for the enjoyment of property. The objections under consideration demand no further attention.

VI. The court gave certain instructions as to the care to be exercised by defendant, in constructing and maintaining the gate and in keeping it closed. They announce correct rules. But they are assailed by defendant's counsel because they do not announce rules upon other points of the case, and on the ground of inferences drawn therefrom. The objections to the instructions are really based upon what these instructions do not contain, rather than upon what they do. What they do contain is the law; if defendant desired other rules to be given to the jury, it should have asked proper instructions presenting them. The instructions given are correct as far as they go. They cannot be held erroneous because of omission to give other instructions.

VII. A witness was permitted, against defendant's objection, to show the condition of the gate two or three days after 4. ——: ——: the accident. It is not shown that its condition evidence. was different as to security from what it was at the time of the accident. Its condition, in the absence of such proof, would be presumed to have remained unchanged.

VIII. The evidence was conflicting, and we cannot hold that it does not sufficiently support the verdict. The judgment of the District Court is

AFFIRMED.