ELSIE FOWBEL v. WABASH R. R. Co., Appellant.

**Railways:** PRIVATE CROSSINGS: LIABILITY FOR KILLING STOCK. Where a private crossing was constructed over three adjacent parallel lines of railroad, which was adequate for the purpose of the land owner and protected by gates at each end of the passageway, the railway company onto whose track the cow of a third person wandered and was killed, was not liable therefor because it failed to maintain an inside gate between its right of way and the middle track.

*Appeal from Monroe District Court.*— HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, OCTOBER 19, 1904.

ACTION for damages caused by a collision of plaintiff's cow with defendant's engine. The trial resulted in a judgment against defendant, from which it appeals.— *Reversed.*

*T. B. Perry,* for appellant.

*Dashiell & Mason, for appellee.*

LADD, J.— The plaintiff's cow was being kept by A. A. Mason, whose farm lies immediately south of Albia. Through one forty-acre tract three railroads pass. These are parallel, with rights of way adjoining, running north and south. East of these, and between them and the highway, are the landowner's buildings and feed lots. Leading

from the lots to the west is a lane and private crossing over the three tracks and rights of way. Through this lane and another along the west right of way to the south he necessarily drove his cattle and other stock to and from his pasture. The west right of way, with track, was that of the Iowa Central Railway Company; the one between, that of the Albia & Centerville Railroad Company; and that to the east belonged to the defendant. The company first mentioned constructed gates on each side of its crossing, and the Albia & Centerville Railroad Company on the east side of its right of way. Many years ago the west gate becoming dilapidated, the Iowa Central Railroad Company replaced it with the one between its right of way and that of the Albia & Centerville Railroad Company. The defendant put in a gate at the crossing on the east side of its right of way. About a year later Mason removed the gate from between the right of way of the defendant and that of the Albia & Centerville Railroad Company. Even though it belonged to him, the defendant must have known long before the accident that it had been removed. Enough has been said to show that at that time the only gateways were at the west side of the west right of way and at the east side of the east right of way. The cow was struck by defendant's train, and the circumstances were such as to render it liable if it ought to have maintained a gate at the private crossing between its right of way and that of the Albia & Centerville Road. No doubt the defendant was bound to maintain an adequate crossing. But precisely what that is the statute does not declare. That the situation may be such as to exact an open crossing has been recognized by this court. *Gray v. Ry.*, 37 Iowa, 119. There the road passed between the landowner's house and the public highway; but this was not declared to be the only condition under which an open crossing may be appropriate. The open crossing for connecting different parts of a pasture was discountenanced in *Truesdale v. Jensen*, 91 Iowa, 312, and *Curtis v. Ry.*, 62

Iowa, 418.   Ordinarily, protection should be afforded by gates or bars forming a part of the fence inclosing the right of way.   *Henderson v. Ry.*, 39 Iowa, 220; *Mackie v. Ry.*, 54 Iowa, 540; *McKinley v. Ry.*, 47 Iowa, 76.

But none of these authorities attempt to lay down a fast and hard rule.   The object to be attained in maintaining the gates or bars must be kept in view.   Aside from the convenience of the landowner and the protection of his stock, the safety of the traveling public is to be taken into consideration.   *Russell v. Hanley*, 20 Iowa, 224.   If a gate will serve no useful purpose in either respect, and at the same time will prove an obstruction in the use of the crossing, there can be no excuse for its existence.   Whether gates shall be maintained necessarily depends on the situation in each particular case.   In *Tyson v. Ry.*, 43 Iowa, 207, the owner was maintaining a lane closed by a gate at his house and another at the public road.   The railroad crossed this lane, but there were no gates at the crossing.   The court held that:   " The lane fences and gates might be regarded as constituting a part of the railroad fence merely set out upon the landowner's premises, and maintained by him for his accommodation.   These fences and gates constituted as effectual a barrier against cattle not admitted to the lane as they would have done if they had been on the line of the road.   While the plaintiff was maintaining the fences and gates apparently for the purpose of enjoying an open crossing, we think the company was justified in assuming that he preferred an open crossing.   It was not for him to complain, therefore, that his cow strayed upon the track."   Mason's lane across the rights of way was three hundred feet long. Its only use was as a causeway for the passage of cattle and other stock.   The gates at the ends of the lane could not well have been dispensed with, but any intervening gates would have interfered with, rather than aided, in the passage of the stock, and increased, rather than lessened, the danger of collision with trains.   The gates between the rights of way of

the other two roads had been removed many years previously, and Mason testified that after the construction of the defendant's line the gate between its right of way and that óf the Albia & Centerville Road was never closed, and that, as it belonged to him, he had removed it long before the accident. As he had never made use of the gate, and voluntarily removed it, and, in so far as the record discloses, had never requested that it be replaced by another, and as the use of the crossing, as it was, was necessarily more convenient and not more dangerous, it may well be inferred that the crossings were as he wished them. At any rate, it was practically one crossing over three roads, and the evidence failed to show that it was not adequate for the purposes of the landowner, and protected by fence, in so far as essential to his use and convenience and the safety of the public.— *Reversed.*