Argued Aug. 9, decided Oct. 25, rehearing denied December 27, 1910.

### DIBBLEE *v.* ASTORIA & COLUMBIA RIVER R. R. CO.

[111 Pac. 242 : 112 Pac. 416.]

RAILROADS—KILLING STOCK—FENCES—CONTRACTS—WAIVER OF RIGHT TO FENCE.

1. That a right of way deed provides for an open crossing does not release a railroad company from its statutory duty to fence the tracks, except at the crossing, so as to relieve it of liability for stock killed; and a provision in such a deed, requiring the railroad to construct three wagon crossings over its tracks and two cattle crossings under or over its tracks, contemplated open crossings, so as not to waive the company's duty to inclose the track by a lawful fence.

APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.

2. Any error in admitting evidence for plaintiff was rendered harmless by defendant's subsequent testimony, without objection, to the same effect.

RAILROADS—INJURY TO STOCK—NATURE OF ACTION—VARIANCE.

3. Plaintiff sued defendant railroad company for the killing of stock on its right of way, and the evidence showed that plaintiff's deed to the railroad company reserved a right to crossings, and that it agreed to put in cattle guards and open crossings, but did not do so, but that plaintiff had no arrangement with the railroad company to put in gates, and that it decided to inclose its right of way by a continuous fence and gates at the crossings. *Held,* that there was no variance, on the ground that the action was *in tort,* while the evidence tended to show

liability arising on breach of contract; plaintiff not seeking to recover because defendant did not construct open crossings, but on the ground that the fence and gates were not kept in repair.

From Columbia: THOMAS A. McBRIDE, Judge.

This is an action by John Dibblee against the Astoria & Columbia River Railroad Company, to recover damages for stock killed upon the right of way of defendant by a moving train. From a judgment in favor of plaintiff, defendant appeals.                                          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Omar C. Spencer*, with an oral argument by *Mr. Spencer*.

For respondent there was a brief over the names of *Messrs. Dillard & Day,* with an oral argument by *Mr. William B. Dillard.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action to recover damages from the railroad company for loss of stock killed upon defendant's right of way by a moving train. The complaint alleges that plaintiff is the owner of an inclosed tract of land, through which, for a distance of three miles defendant's railroad is located; that defendant neglected to maintain a lawful fence along such track; that on the 18th of June, 1907, two of plaintiff's horses, pasturing in such inclosure, wandered therefrom over and upon defendant's track, where the same was unfenced, or improperly fenced, and were struck by a moving train and killed. And in a second count similar allegations are made as to seven head of cattle which were killed on December 26, 1907. He asks for damages in the sum of $340.

The answer denies each allegation of the complaint, except plaintiff's ownership of the land, and that defendant operates a railroad across the same, and alleges affirmatively that the road is inclosed by a lawful fence

and gates at farm crossings. In charging contributory negligence, it is further alleged that there are farm crossings, constructed at plaintiff's request; that such gates are maintained by defendant for the sole benefit of plaintiff, and have been continuously used by him; that plaintiff carelessly permitted such gates to remain open, through which said stock entered and were killed, without fault of defendant. This defence of contributory negligence is abandoned by defendant, there being no evidence that the stock entered at the gates.

1. There was evidence tending to show the defective condition of the fence and gates inclosing the railway track. To the admission of evidence of the condition of the gates, defendant excepted—its contention being that this is an action in tort for noncompliance with the railroad fence law, which makes no provision for the maintenance of gates; that the gates at the farm crossings are not a part of the statutory fence; and that plaintiff's request therefor amounts to a waiver by him of the statutory fence, and for damage arising from defects in the gates the remedy is not in tort but upon contract. In answer to this it may be said that the only contract relations between plaintiff and defendant, in reference to the crossings, is the clause in the deed, which provides:

"The party of the second part [the railroad company] to construct three wagon crossings over its track and two cattle crossings under or over its track, in the discretion of the grantors."

This does not constitute an agreement for gates, or a waiver of an inclosure of the track by a lawful fence. If this stipulation in the deed contemplates an open crossing, as may reasonably be inferred, it will not release the defendant from the duty to fence its track, except that plaintiff would thereby waive an inclosure at that point, and the crossing would remain open at plaintiff's risk; but, if it contemplates gates, they must be main-

tained as part of the fence: *Tyson* v. *K. & D. Co.*, 43 Iowa 207. It is said in 12 Am. & Eng. Enc. Law (2 ed.) 1081, in discussing the railroad company's statutory duty to fence its track, that "a gate or set of drawbars is a part of the fence in which it is constructed, and a railroad company's obligation to maintain fences along the sides of its right of way includes the duty of keeping such gates or bars in repair." Many cases are cited in a note to this text, referring to gates at farm crossings. To the same effect are *Mackie* v. *Central Railroad of Iowa*, 54 Iowa 540 (6 N. W. 723) ; *Jacksonville R. Co.* v. *Harris*, 33 Fla. 217 (14 South. 726: 39 Am. St. Rep. 127), 3 Woods, Ry. L., § 420.

Plaintiff's remedy was not upon contract, because none has been established ; nor has plaintiff, by using the gates, waived his remedy in tort: *Poler* v. *New York Central Railroad Co.*, 16 N. Y. 476. The case of *Enright* v. *S. F. & S. J. R. R. Co.*, 33 Cal. 230, 236, cited by defendant upon this question, is not in point, for the reason that, in that case, the defective construction of the barway was at the landowner's request for his own convenience, and was, of course, a waiver of the statutory requirements.

2. Exception was also taken to the admission of evidence to the effect that plaintiff's horses and cattle had at other times got on the railroad track. Even if it was error to admit the evidence, it was rendered harmless by the subsequent statements of defendant's superintendent to the same effect, which were received without objection.

We find no prejudicial error in the record, and the judgment is affirmed. AFFIRMED.

Mr Justice MCBRIDE, took no part in this decision, the case having been tried before him in the court below.

Decided December 27, 1910.

## ON PETITION FOR REHEARING.

[112 Pac. 416.]

MR. JUSTICE EAKIN delivered the opinion of the court.

3. The petition urges again that the action is upon a tort, and that the evidence tended to show that the liability arose upon breach of contract. The testimony of plaintiff, quoted in the petition, is to the effect that, by his deed to the railway company, he reserved his right to crossings; that orally the company agreed to put in cattle guards, meaning open crossings, but did not do so; and that he had no arrangement with the company for gates. The defendant elected to inclose its tract by a continuous fence and gates at the crossings, and plaintiff is not seeking to recover because the company did not construct open crossings. He is not complaining that gates were constructed, but that the fence and gates were not kept in repair, and remedy is sought upon the statutory liability.

The other questions are answered in the opinion. The petition is denied. AFFIRMED: REHEARING DENIED.