## BARTLETT v. THE DUBUQUE AND SIOUX CITY RAILROAD COMPANY.

1. **Railroads:** FENCES. There is nothing in sections 3 and 4 of chapter 169, Laws of 1862, requiring railroad companies to make cattle guards at *private* crossings. The failure to do so might, under some circumstances, be evidence of negligence or want of due care in so constructing their roads as to exclude stock; but it can in no case create the liability contemplated in these sections.

2. —— CARELESSNESS. The fact that bars at a private crossing were left down by the land owner, and not by the employés of the company, does not discharge the latter from liability for injuries resulting therefrom, if it have not used due care to keep them closed.

*Appeal from Blackhawk District Court.*

FRIDAY, APRIL 6.

PLAINTIFF seeks to recover for two mules killed by the rolling stock of defendant, at a point where the road was fenced on both sides, and where it crosses the lands of one Collins. It seems that in the evening they were placed in

plaintiff's inclosure, the next morning were gone, and on the same day were found near the track, one killed, and the other so injured as to be entirely worthless. At each end of the Collins inclosure there were "cattle guards," and between these, bars for a private crossing, for the use of Collins; those on one side being put up by the company and the others by him. At this crossing there were no "cattle guards." The testimony tended to show that these bars were down at the time of the injury; that the mules, when injured, were walking from the "cattle guards" on the west; that the train was running in the same direction; that the track is straight and can be seen for about two miles west from the place where the accident occurred.

Based upon this state of facts certain instructions were given at the request of plaintiff; others, asked by defendant, refused. Verdict and judgment for plaintiff, and defendant appeals.

*James M. McKinlay* for the appellants.

The main point in this case is, whether the railroad company, having fenced their road and put up bars at farm crossings, shall be held responsible for injury to cattle which stray upon the track at a farm crossing, the bars having been left down by the land owner or some person other than the servants of the railroad company.

The statute concerning fencing reads as follows: " Any railroad company hereafter running or operating its road in this State, and failing to fence such road on either or both sides thereof, against live stock running at large at all points where said roads have the right to fence, shall be absolutely liable to the owner for any live stock injured, killed or destroyed, by reason of the want of such fence or fences as aforesaid, for the value of the property so injured, killed or destroyed, unless the injury

complained of is occasioned by the willful act of the owner or his agent."

The company had not failed to fence their road or to put in cattle guards, as required by the third section of the statute, at the places where the road entered and left the improved lands; the company had put in bars at the private crossing, but had not put in cattle guards also.

Having put in the bars, it is no part of the duty of the company to see that they are put up every time the owner of the land or any one else makes use of the crossing. *Toledo and Wabash Railroad Co.* v. *Fowler*, 22 Ind., 316; *Indianapolis and Cincinnati Railroad Co.* v. *Adkins*, 23 Id., 340; *Indianapolis, Pittsburgh and Cleveland Railroad Co.* v. *Shimer*, 17 Id., 295; *Great Western Railroad Co. of 1859* v. *Helm*, 27 Ill., 199.

The statute does not require that cattle guards should be put in at farm crossings. The requirement that they should be put in where the road enters and leaves improved or fenced land, negatives any such idea. The expression of one thing is the exclusion of others.

The New York statute concerning fencing of railroads, reads as follows: "Every corporation formed under this act, shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with openings or gates or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad; and also construct and maintain cattle guards at all road crossings, suitable and sufficient to prevent cattle and animals from getting on to the railroad." 2 Rev. Stat. N. Y., 5th ed., p. 689, § 55 or 44. In the case of *Brooks* v. *New York and Erie Railroad Company*, 13 Barb., 594, the court decide that the railroad company are not required to put cattle guards at farm crossings.

A farm crossing is not a road in the legal sense of the

term. *Green* v. *Morris and Essex Railroad Company*, 4 Zabr. (N. J.), 486.

*Bagg & Allen* for the appellee.

The statute of Iowa (Laws 9th Genl. Assem., ch. 169) contemplates the building of cattle guards at farm crossings by railroad companies. *Corwin* v. *The New York and Erie Railroad Company*, 13 N. Y., 42.

Where the statute imposes upon the railroad company the duty of maintaining fences and cattle guards, this renders the railway liable for injury to cattle, caused by operating it without the proper cattle guards at farm crossings. Redf. on Railw., 373, and cases there cited.

In New Hampshire, under a similar statute, it was held that where a railroad divides the pasture of a land owner, or a crossing is made by the corporation, the land owner may let his cattle run in the pasture without a herdsman, and that the corporation will be liable for their injury while on such crossing, unless the injury was caused by the fault of the owner. *White* v. *Concord Railroad*, 10 Foster, 188; see also *Housatonic Railroad Company* v. *Waterbury*, 23 Conn., 161.

A railroad corporation which omits to comply with the statute as to erecting and maintaining fences and cattle guards, is liable to the owner of cattle which stray upon the track from an adjoining close, although they were not lawfully in such close, and the act of the owner in permitting his cattle to run in the adjoining close, is no defense to the company. *Corwin* v. *New York and Erie Railroad Company*, *supra*.

Bars having been put in the fence along the line of the defendant's road, they became a part of the fence, and it was the duty of the company to keep them up. If the land owner himself left the bars down, and his own cattle were injured in consequence, he could not complain; but

the duty imposed by the statute is not limited to the maintenance of fences as against the animals of adjoining occupants. 13 N. Y., 42 ; *Poler* v. *New York Central Railroad Company*, 16 N. Y. (2 Smith), 436.

WRIGHT, J. — Plaintiff insists that, under the statute, the company is required to build "cattle guards" at farm crossings. Ch. 169, 9th General Assembly. Defendant denies this, and maintains, that as the road was fenced, and bars put up at the farm crossings, it is not responsible for injury to stock straying upon the track at such crossing, when the bars were left down by the land owner or other person than the servants or employés of said company. These positions are alike unsound.

1. RAIL-ROADS : fences.

I. The act of April 8, 1862, chapter 169, section 6, only makes it incumbent on the company to make proper cattle guards on the road where it "enters or leaves improved or fenced land," and to construct good, sufficient and safe crossings "where the road crosses any *public* highway." The next section makes the company liable for all injuries sustained by reason of a neglect or refusal to comply with the provisions of the preceding ones. There is certainly nothing in these sections requiring the company to make cattle guards at a *private* crossing. And in the absence of such requirement, the company is not bound to make the same. Of course the company might erect these guards at private as well as public crossings; and the failure to do so might, under some circumstances, be evidence of negligence or want of due care in the duty of so constructing the road as to exclude stock from the track. But the *right* to do it is very different from the *duty*, and especially when the latter is based upon the language of the statute. We hold, therefore, that the failure by the company to erect cattle guards at a *private* way does not

make it liable as contemplated by the sections above quoted. Those sections contemplate the right to recover by proof of the injury, and the neglect or refusal to make the cattle guards or crossings. There is nothing said, however, about a *private* way, and there is no warrant for extending the language beyond its plain and obvious meaning. The New York act (Laws 1850, 233, § 44) is different in its language from ours. And, therefore, what is said in the case of *Brooks* v. *New York and Erie Railroad Company*, 13 Barb., 594, upon the subject, might be conceded (and see *Corwin* v. *Same*, 13 N. Y., 42) without in the least conflicting with the views above expressed.

It only remains to inquire whether the fact that the bars were left down by the land owner or other person than the employés of the company would, as a matter of law, relieve the latter from liability. This question is considered in *Russell* v. *Hawley, infra*, and consonant therewith we hold that the company cannot thus shift responsibility. The obligation as to third persons is primarily on the company. Cases may arise where such third persons would be liable and the company not. It is the duty of the company, however, to not only put up the fence but to see that it is kept in repair. If farm crossings are made and bars leading thereto, care must be used that these bars are kept up. That they were left down by the proprietor would not absolve the company from the duty of putting them up. Care and diligence is required at its hands. If the requisite amount of care is used, and injuries result by the act of the proprietor in leaving down the bars or leaving open a gate, the company might escape liability. Without such care it would be liable. As the defendant's position denies the liability, if the bars were left down by others, whatever the carelessness or want of attention on the part of the company, it is not sustainable,

2. — carelessness.

and all instructions based upon that view were correctly refused.

The case of the *Great Western Railroad Company* v. *Helm*, 27 Ill., 198, is very briefly reported, and yet it is there held that in order to excuse the company, it must be without fault in relation to leaving down or open the bars or gate at the farm crossing. In such cases the company is held to more than the least care, and as a consequence is liable for less than gross negligence. If the road is fenced and so kept, or if it should be down or open without fault on the part of the company, then as stock on the track would be there without right or as trespassers, the company would only be liable for gross negligence. The doctrine, as laid down in *Alger* v. *Mississippi & Missouri Railroad Company*, 10 Iowa, 268, is, that when the road is properly fenced the company is liable for gross negligence. But to apply this rule in measuring the company's liability, the road must not only be fenced but kept so. And if not so kept because of the company's want of care or negligence, it would be liable for less than gross negligence.

The case of the *Indianapolis, Pittsburg & Cleveland Company* v. *Shimer*, 17 Ind., 295, differs from this in the very essential fact that the stock belonging to the tenant of the land owner passed on to the track by reason of his own negligence to maintain bars erected by the owner for his own convenience, and used by the tenant with the consent of the company.

The case of the *Terra Haute & Wabash Railroad Co.* v. *Fowler*, 22 Ind., 316, does not conflict with the views above expressed, for there the fence was thrown down by third persons without the authority or knowledge of the company. The company exercised reasonable care and diligence, and the cattle strayed upon the track before the company had notice of the injury to the fence.

The only remaining case cited by appellant's counsel, is

*The Indianapolis & Cincinnati Railroad Company* v. *Adkins*, 23 Ind., 340. This case is unquestionably correct, so far as it gives the rule for stock belonging to the owner of the land. Its correctness, so far as it attempts to lay down a general rule touching the property of third persons, may admit of more doubt. (See prior cases in that court, particularly *New Albany and Salem Railroad Company* v. *Maiden*, 12 Id., 10; *Same* v. *Pace*, 13 Id., 411.) But however this may be, several considerations seem to distinguish the case from this. In the first place, the statute of Indiana did not require the company to grant or construct a private way over the road or through its fence. In the next place, the plaintiff's stock was *trespassing*, when it passed on to the land through which the road was constructed. And, finally, the owner knew that the bars were down; that they were erected as a private way for the accommodation of the land owner, and that his stock was liable to pass to and upon the track.

Affirmed.