# PEORIA, PEKIN AND JACKSONVILLE RAILROAD CO.

*v.*

# WILLIAM C. H. BARTON.

1. RAILROADS—*liable for injury to stock in cities and towns only where negligence is shown.* In a suit against a railroad company for injury done to stock by their trains within the limits of a city, town or village, there can be no recovery without an averment in the declaration that the servants of the company were guilty of negligence in running its trains through such city, town or village. Negligence must not only be averred in the declaration, but there-must be proof of negligence on the part of the agents and servants of the company in charge of the train at the time the injury occurs.

2. SAME—*liable for injury to stock when they neglect to fence their track.* A railroad ran through a common field of several square miles, owned by different parties, some of whom resided therein, which was fenced only on the outside. The railroad had been opened for use more than six months, and the company had neglected to fence its track entirely through the inclosure: *Held*, the company was liable for stock killed by its trains inside of the inclosure.

3. SAME—*required to construct barrier to stock getting on track, at both public and private crossings.* Where there was a common field of several square miles, belonging to different owners, but fenced only on the outside, through which a railroad ran, and there was a crossing over the railroad track inside of the inclosure, which was used principally by parties residing therein, it was *held*, that such crossing was not, in any just sense, a public road crossing, across which the company could not lawfully fence, and that even if it was, the company would be required to place cattle guards there to keep cattle from getting on its track, and if it was a private farm crossing, as it really was, it was the duty of the company to place bars or gates there, and if it failed to place either cattle guards or gates or bars there, it would be liable for any injury to stock by its trains.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. H. B. HOPKINS, for the appellant.

Mr. GEORGE W. GABLE, for the appellee.

Mr. Chief Justice Scott delivered the opinion of the Court:

This action was brought to recover the value of stock, belonging to plaintiff, that had been killed by the engines and cars on defendant's railroad. One of the animals for which plaintiff recovered appears, from the evidence, to have been killed in the town of Lower Peoria, at a point where it was not the duty of the railroad company to fence its track. The declaration is upon the statutory duty of defendant to erect and maintain suitable fences to keep stock from getting upon its track, and avers the stock was killed by reason of its neglect in that regard. It contains no averment that defendant's servants were guilty of negligence in running its trains through the town of Lower Peoria. Without such an averment there could be no recovery for stock killed within the limits of a city, town or village. Negligence must not only be averred in the declaration, but there must be proof of negligence on the part of the agents and servants of the company in charge of the train at the time the injury occurred. The case of *The Chi. and N. W. Railroad Co.* v. *Barrie*, 55 Ill. 227, is conclusive on this branch of the case.

The other stock was killed on defendant's road where it passes through a common field, consisting of several square miles, owned by different persons, some of whom resided therein, and was fenced only on the outside. The railway company, although its road had been open for use more than six months, had not fenced its track entirely through the inclosure. Within the limits of this common field, and near where the stock was killed, there was a crossing, which defendant insists was a "public road crossing," and that the company could not lawfully fence across it. It was used principally by parties residing within the inclosure, and was not a public road in any just sense; but if it was, it would not release defendant from liability for the stock killed near that point. The stock was not killed exactly on the crossing.

Had it been a public crossing, it would have been the duty of the company to place "cattle guards" there, to prevent stock from getting upon the track; and if a private "farm crossing," as it really was, it was the duty of the company to place there bars or gates for the protection of stock that might lawfully run at large within the common field. The company had erected neither "cattle guards" nor "bars or gates," and it was, therefore, clearly liable for the stock killed.

We are compelled to reverse the judgment, because plaintiff was permitted to recover for one animal killed, where, under the declaration and proof in the case, there was no liability on the defendant. The judgment for the value of the other stock would have been permitted to stand, had the claim for the value of the animal killed in Lower Peoria been dismissed out of the case, as it ought to have been.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*