## DENT v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Constitution**: JUSTICES OF PEACE: JURISDICTION: RAILROADS. The statute (R. S., sec. 2835) giving to justices of the peace jurisdiction in actions against railroads for killing the animals therein named without regard to their value, is not a special law and is constitutional.

2. **Railroads**: CATTLE GUARDS: FARM CROSSINGS. The statute (R. S. sec. 809) does not require railroads to construct cattle guards at farm crossings.

*Appeal from St. Francois Circuit Court.*—HON. JAS. D. Fox, Judge.

REVERSED.

*Geo. H. Benton* for appellant.

(1) The court had no jurisdiction over the subject-matter of the action. R. S., § 2835. The statute giving to justices of the peace jurisdiction of all actions against any railroad company in this state to recover damages for the killing or injuring horses, etc., "without regard to the value of such animals, or the amount claimed for killing or injuring the same" is unconstitutional and void. (2) It is in violation of the constitution of the state of Missouri, Article IV., § 53, subdivision 17, which provides that "the general assembly shall not pass any local or special law 'regulating the jurisdiction of   *   *   *   justices of the peace.'" (3) It is also in violation of the constitution of the United States, article XIV, section 1, which provides that no state "shall deny to any person within its jurisdiction the equal protection of the laws." Cooley on Const. Lim. §§ 128, 129 and note; Potter's Dwarris on Statutes and Const., pp. 52, 53; 1 Kent Com., 459; *State ex rel. Henderson v. Boone Co.*, 50 Mo. 317; *State v. New Madrid Co.*, 51 Mo. 86, 88; *Hall v. Bray*, 51 Mo. 293; *State ex rel. Dome v. Wilcox*, 45 Mo. 465; *State ex rel. Harris v. Hermann*, 75 Mo. 340; *Thomas v. Board of Com.*, 5 Ind. 4. (4) The statute (R. S., sec. 809) which gives to the owner of animals killed on a railroad, by reason of the violation by the latter of the provisions of said section, double the value of the animals so killed or injured, is unconstitutional. Const., Art. 2, secs. 8, 20. It also violates the constitution of the United States. Const., Art. 14, sec. 1. (5) The statute (R. S., sec. 809) does not require railroad companies to construct cattle guards at private farm crossings. The court erred in admitting evidence to prove the failure of the company to construct cattle guards at the plaintiff's private farm crossing, and in instructing the jury that it was defendant's duty so to do, as requested by plaintiff, and in refusing defendant's instructions which asserted the contrary doctrine. *Filterling v. Mo. Pacific R. R. Co.*, 79 Mo. 504; *Brooks v. The N. Y. & E. R. R.*, 13 Barb. 594; *Edwards v. K. C., St. Jo. & C. B. R. R.*, 74

Mo. 117; *Bartlett v. Dubuque Ry. Co.*, 20 Iowa 188; *Cook v. Ry. Co.*, 36 Wis. 45; *Connor v. Ry. Co.*, 13 N. Y. 42. (6) The verdict and judgment on the whole evidence is for the plaintiff when it should have been for the defendant and the court erred in not sustaining defendant's demurrer to the evidence at the close of the case. *Cecil v. Ry. Co.*, 47 Mo. 246; *Clardy v. Ry. Co.*, 73 Mo. 576; *Case v. Ry. Co.*, 75 Mo. 670; *Walther v. Ry. Co.*, 78 Mo. 622; *Eames v. Ry. Co.*, 14 Allen 151; *Toledo Ry. Co. v. Fowler*, 22 Ind. 316; *Ind. Ry. Co. v. Adkins*, 23 Ind. 340; *Ry. Co. v. Helm*, 27 Ill. 199.

*Taylor & Bush* for respondent.

(1) The statute giving justices jurisdiction in this class of cases without regard to the value of the stock killed is constitutional. *Hudson v. R. R.*, 53 Mo. 525. (2) The statute requires cattle guards to be constructed at farm crossings. Such a construction is within the purpose and object of the statute which was to prevent the killing of stock, and their trespass upon adjoining land. *Silver v. R. R.*, 78 Mo. 532; Sedgwick on Const. and Stat. Law, 236; *Rutlege v. R. R.*, 78 Mo. 290.

HENRY, C. J.—This suit originated in a justice's court in St. Francois county, and is for the recovery of double damages against the defendant, for stock killed on its road by a train of cars in consequence, as is alleged, of defendant's failure to construct cattle guards at plaintiff's farm crossing. From a judgment of the circuit court for plaintiff on appeal, defendant has appealed to this court.

The first point made by appellant's counsel is, that the act giving to justices of the peace jurisdiction of all actions against railroad corporations in this state, for the recovery of damages for killing horses, etc., without regard to the value of the animal killed is unconstitutional. Art. 4, sec. 53, subdivision 17, is the provision of the state constitution which, it is contended, is violated

by the act in question. It declares that the general assembly shall not pass any local or special law regulating the jurisdiction of justices of the peace. The act in question is not a local or special law, for it applies throughout the state, conferring the same jurisdiction upon every justice of the peace in the state in actions for killing stock, against every railroad in the state, instituted by any citizen of the state, or of the United States. As was observed by Judge Vories in *Hudson v. Railroad Co.*, 53 Mo. 534: "This statute is general and comprehensive in its terms, applying to all railroad companies."

Appellant, also, makes the point that section 809, Revised Statutes, does not require railroad companies to construct cattle guards at private farm crossings. This question has never been directly considered by this court, except in the case of *Fitterling v. Mo. Pac. Ry.*, 79 Mo. 504. There defendant was sued under section 809 of the Revised Statutes, for killing two mules belonging to plaintiff. The railroad ran through plaintiff's field. It was enclosed by lawful fences, as required by the section, and defendant had erected gates for plaintiff at a farm crossing, but had constructed no cattle guards. Judge Sherwood delivering the opinion said: "And the place where the gate was hung, being a 'farm crossing,' neither cattle guards, nor cross-fences were necessary, since the law does not require their construction at such points. R. S. 1879, sec. 809. Evidence that no such cattle guards or cross-fences were built, did not strengthen plaintiff's case, and was erroneously admitted." Section 809 requires railroad companies to erect and maintain lawful fences on the sides of their roads where they pass through inclosed or cultivated fields, with openings and gates therein to be hung, etc., at all farm crossings of the road for the use of the proprietor, or owner of the land adjoining such railroad, and also, to construct and maintain cattle guards where fences are required, sufficient to prevent horses, etc., from getting on the track.

The section is somewhat ambiguous in the general obligation imposed to construct cattle guards "*where fences are required.*" Literally construed, the road would have to construct a cattle guard for every panel of fence, but, considering the object in view, there is no difficulty in giving the section a reasonable construction, one which will accomplish that object.

The duty is to construct cattle guards where fences are required, "sufficient to prevent cattle from getting on the railroad." At public road crossings, cross-fences and cattle guards are necessary for that purpose. Where the road passes through an enclosed field and enters upon village lots where the railroad cannot fence, cattle guards and cross-fences are necessary to prevent cattle from getting on the track where it passes through the field. But at a private farm crossing where the company is bound to hang gates for the convenience of the land owner or proprietor, cattle guards are unnecessary, because the fence keeps the cattle in the adjoining enclosure from getting on the track, if the gates are kept closed. So, if cattle guards and cross-fences were made at such farm crossings, cattle could not get from the field upon the track of the road, except at the crossing. The cattle guard and cross-fences would answer the same purpose there, that they accomplish at a public road crossing.

A statute of the state of New York provided that every railroad corporation should maintain fences on the sides of its road, with openings, or gates, or bars therein, and farm crossings of the road, for the use of the proprietors of lands adjoining such road and also construct and maintain cattle guards at all road crossings, suitable and sufficient to prevent cattle and animals from getting onto the railroad ; and in the case of *Brooks v. N. Y. & E. R. R. Co.*, 13 Barb. 597, the Supreme Court of that state held·that: "The true reading of the section does not require the company to construct and maintain cattle guards at *farm crossings* of the road, but only at *road*

*crossings.*    *    *    *    The cattle guards were thought not necessary at farm crossings, where fences and gates or bars would be sufficient to keep the cattle within the adjoining fields, except when driven across by the owners."

This case was not, as respondent contends, overruled on this point by that of *Corwin v. The N. Y. & E. R. R. Co.*, 3 Kernan 44.    It follows that the judgment must be reversed and the cause remanded.