# CHARLESTON.

## CLARKE v. OHIO RIVER R. CO.

Submitted June 24, 1894.—Decided December 18, 1894.

1. DECLARATION—AMENDMENT.
    An amended declaration is no departure from the original, un-

less it introduce into the case a new substantive cause of action different from that declared upon, and different from that which the plaintiff intended to declare upon. It can not be allowed, if it be inconsistent with the nature of the original declaration or change the cause of action. Allegations may be changed, and others added; but they must relate to the same cause of action.

2. DECLARATION—AMENDMENT.

An amended declaration in an action by a land-owner against a railroad company for failure to build fences, farm crossings and cattle-guards may charge failures to build them at other points than those specified in the original declaration without being in violation of the above rule.

3. DECLARATION—AMENDMENT—ORDER—JUDGMENT.

A court can set aside at one term an interlocutory order made in the progress of the cause at a former term, but not a final judgment. An order, which merely sustains a demurrer to a declaration or strikes out a count or item of claim followed by no judgment as to it, is interlocutory in nature, and the count or item of claim may be re-instated in the declaration at a subsequent term.

4. DECLARATION—BILL OF PARTICULARS.

Section 46, c. 130 Code 1891, applies as well to actions for torts as to actions on contracts. A statement of the particulars can not be required, where the declaration gives the grounds of action and particulars of claim with sufficient definiteness to give the defendant notice thereof. It can be demanded only where the declaration is allowably under the law so general as not to apprise the defendant of the real cause of action. If the declaration can not be thus general consistently with law, demurrer is the remedy, not such statement of particulars.

5. DECLARATION—BILL OF PARTICULARS.

Such statement of particulars should contain the grounds of action, not evidence.

6. DECLARATION—AMENDMENT.

A plea filed to the first declaration and not withdrawn will apply to an amended declaration.

7. RAILROAD COMPANY—CROSSING—FENCES.

When a railroad company has put in, when building its railroad, a sufficient number of suitable farm crossings and cattle-guards, it can not be required afterwards to build others at other places.

8. RAILROAD COMPANY—CROSSING—FENCES.

When a railroad company has made gates in fences inclosing its track to afford access to a farm crossing, the mere presence of such crossing does not require cattle-guardes at the crossing, there being no fences there dividing fields.

9. EVIDENCE—DISCRETION OF COURT.

Whether a plaintiff shall be allowed to give further evidence, after defendant's evidence is closed, is within the discretion of the trial-court; and its exercise will rarely, if ever, be the ground of reversal by an appellate court. Clearly he is entitled to give evidence to rebut that of the defendant.

V. B. ARCHER and D. H. LEONARD for plaintiff in error:

I.—*Cattle guards not required at farm crossings.*—45 Am. & Eng. R. Cases 122; Thorn. Railroad Fences, *etc.*, 449, § 289; 80 Ill. 72; 20 Am. & Eng. R. Cases 458; 79 Mo. 504; 83 Mo. 496; 80 Ill. 72; 36 Wis. 45; 13 Barb. (N. Y.) 594.

II.—*Our statute vests fee simple in company upon condemnation.*—Code, c. 42, s. 18.

III.—*Amendments must not introduce new matter.*—21 W. Va. 412.

IV.—*Provisions of statute considered with sec. 46, chap. 130.*—Code, c. 125, s. 4; Acts 1877, c. 66; Code, c. 125, s. 11, 62, 63, 64 and 65.

V.—*Where statute fails to designate place, or person to choose for crossing.*—Thorn. R'd Fences & Priv. Cross. § 270.

VI.—*What is proper cattle guards.*—11 Am. & Eng. R. Cases 480.

VII.—*Gates or bar.—Where.*—7 Am. & Eng. Ency. Law 915; 80 Ill. 72; 35 Am. & Eng. R. Cases 184.

VIII.—*Measure of damages for failure to fence.*—19 Am. & Eng. R. Cases 640.

IX.—*Cattle guards.*—11 Am. & Eng. R. Cases 458.

X.—*Measure of damages for failure to construct farm crossings.*—Thorn. R'd Fences and Priv. Cross. § 283.

XI.—*Agency and authority must be shown by plaintiff before proof of declarations or agreements.*—28 Am. & Eng. R. Cases 467; 29 Am. & Eng. R. Cases 514; 62 Mich. 643; 100 Am. Dec. 78 and note.

XII.—*Duty to fence purely statutory.*—34 W. Va. 200.

XIII.—*Definition of amendment.*—1 Am. & Eng. Ency. Law 546.

XIV.—*Object of amendment.*—34 Am. Dec. 156.

XV.—*The writ governs.*—3 H. & M. 502.

XVI.—*When amendment to be made, and of what to consist.*—24 W. Va. 206.

XVII.—*Cause of action—Defined.*—And. L. Dict. 157; 83
  N. Y. 160.

XVIII.—*Declaration may be amended by the writ.*—2 Wash.
  212.

XIX.—*Amendments must not be for additional claim or de-
  mand.*—5 Pick. 303.

XX.—*Final judgment rendered at one term, can not be set aside
  at another term.*—19 S. E. Rep. 588.

XXI.—*Judgment sustaining demurrer to declaration is res ju-
  dicata.*—26 W. Va. 583, syll. 3; 20 W. Va. 356–7.

XXII.—*Same declaration can not be filed after demurrer sus-
  tained.*—108 U. S. 418; 95 Pa. St. 521; 21 Pick. 250;
  21 Am. & Eng. Ency. Law 269, 270 and notes.

XXIII.—*Condemnation vested fee simple in defendant.*—Code,
  c. 42, s. 18; Lew. Em. Dom. §§ 277–8 and note 10; 96
  N. Y. 351; 80 Va. 616; 50 Pa. St. 426; 53 Pa. St. 229;
  72 Pa. St. 316.

XXIV.—*Illegal evidence is ground for new trial.*—2 Wash.
  281; Hill. New Tr. (2d Ed.) p. 407, § 1; 2 H. & M. 55.

TOMLINSON & WILEY, J. E. BELLER and C. E. HOGG for
defendant in error cited Code, c. 125, s. 12; 24 W. Va. 206;
9 W. Va. 270; 12 S. E. Rep. 289; 10 W. Va. 250; 9 S. E.
Rep. 684; 34 Am. Da. 155; 4 Watts & S. 141; 5 Scott N. R.
387; 4 McL. 208; 1 Pick. 156; 57 Me. 152; 24 Ark. 248;
28 Ill. 283; 11 Ind. 431; 4 T. B. Mon. 313; 2 Johns. Cas.
219; 3 H. & M. 502; 74 Me. 142; 58 N. H. 137; Id. 335; 57
N. H. 41; 49 Tex. 219; 64 Me. 570; Id. 550; 23 Vt. 673;
23 Ga. 590; 31 N. W. Rep. 60; 63 Vt. 186; 43 Am. & Eng.
R'd. Cas. 309; 78 Ga. 525; 39 Kan. 690; 37 Fed. Rep. 894;
86 Ala. 324; 11 S. W. Rep. 526; 76 Ia. 67; 110 N. Y. 646;
17 Atl. Rep. 884; Code, c. 130, s. 46; 20 N. E. Rep. 727:
16 W. Va. 257; 25 W. Va. 266; 3 Gra. & W. N. T. 774; 11
Gratt. 572–3; Id. 411; Code, c. 12, s. 13; 9 W. Va. 616; 33
W. Va. 40; 6 Ia. 553; 27 Ala. 646; 7 Wis. 527; 28 W. Va.
653; 22 Eng. L. & Eq. Rep. 571; 3 W. Va. 335; 15 W. Va.
277.

BRANNON, PRESIDENT:

This was an action of trespass on the case by William
H. Clarke against the Ohio River Railroad Company in the

Mason county Circuit Court to recover damages for the failure of the railroad company to build fences and put in cattle-guards and farm-crossings on lands of the plaintiff condemned by the company for use of track, resulting in the recovery of a judgment by the plaintiff of six hundred dollars, to which the defendant took the writ of error which we now decide. The case was once before in this Court. 34 W. Va. 200 (12 S. E. Rep. 505).

The first and third assignments of error are upon the action of the court overruling a demurrer to the amended declaration, which was filed after the case was remanded by this Court to the Circuit Court to meet defects in the original declaration pointed out by this Court. The second assignment of error is upon the refusal of the court to sustain the defendant's motion to strike out the amended declaration. As I see nothing specified as error under the head of the demurrer that does not come up on the motion to strike out the amended declaration, they being in effect the same, I will consider the three together.

The original declaration was for failure to make fences, guards and crossings on four tracts of land. In the amended declaration the claim was as to five tracts, leaving out one included in the original, and thus the amended declaration included two tracts not counted upon in the original. The declaration specified divers failures to make fences, guards and crossings, claiming as to each one a specific sum for damages. There were two demurrers to the amended declaration. The first was made at the same time with the motion to strike from the record the entire amended declaration, and the court while overruling the demurrer struck out certain assignments of breaches of duty on the part of the company, which took from the declaration all claim for damages as to the two tracts inserted for the first time in the amended declaration, leaving certain breaches of duty or specifications of wrong yet standing in the declaration ; and to the declaration thus purged the defendant entered a demurrer, which was overruled.

I suppose a motion to strike out an amended declaration should precede a demurrer to it, but, as the ground for

striking out relied upon in this case is, that the amended declaration contains new causes of action, I suppose this point immaterial. The bane of the amended declaration is said to consist in the fact, that it alleges omission by the company to make certain cattle guards, crossings and fences not relied upon as causes of recovery in the original declaration. Does the amendment therefore violate the rules relative to amended declarations by the introduction of new causes of action? What shall be called the cause of action? It is the ground on which the action may be sustained. Black. Law Dict. 182. "It is the breach of duty by the defendant complained of." This definition by Judge HOLT is very concise and exact. *Harvey* v. *Insurance Co*, 37 W. Va. 272 (16 S. E. Rep. 580).

This general rule may be easily stated, but sometimes not easily applied. What shall be regarded, for the purpose of determining the propriety of amendment, as the cause of action in this case? To constitute cause or right of action two elements must concur—a duty and a breach of it. There can be no actionable wrong unless there is a duty resting upon a person, and he breaks it. If there is no duty, though the act of the defendant may work harm or damage, there is no right of action; it is a case of *damnum absque injuria*. But if there is a duty owing, and it is broken, it is a case of *damnum cum injuria*.

Now, take a case. There is a farm, through which a railroad right of way is condemned. The company's legal duty is to put in two cattle-guards. That is the whole duty to the owner as to this tract. If it puts neither, that duty is broken; so if it puts in only one. This might seem to imply that the failure to put in each cattle-guard was in itself alone a cause of action, but I think not. The owner of this farm sues the company for breach of this duty. The duty includes two cattle-guards. He specifies in his declaration, however, only the failure to build one, but he concludes later that the duty covers two. Can he not amend his declaration, and specify a second breach in the failure to make a cattle-guard at another place? He does not introduce a new and different substantive cause of action, as he does not impute a new and different duty, but

still relying upon the same duty as giving birth to his right, he but calls in another breach of that duty.

We must not forget to regard together both this duty and its breach or breaches in determining what is to be deemed the cause of action in deciding whether an amended declaration departs from the original, as it will facilitate the solution. I think that where there is one duty, and it is of such nature as to allow several breaches, an amended declaration based on that duty may assign further breaches without infringing on the rule forbidding the introduction by amendment of a different substantive cause of action. The company owes an obligation as to each of the two cattle-guards, but only because the one is included by the two—the minor within the major duty. The sheriff or constable's bond imposes a general duty. He owes a separate duty as to each of two executions or claims in his hands. If sued for breach of duty as to one, could not an amendment assign another breach as to the other execution?

In this case, for the purpose in question, we consider the failure to comply with its duty by the company in making fences, guards and crossings on the land as the cause of action, and not the failure as to each crossing separately and distinctly. I think he is bound to amend, or else ever lose damages for failures not included in the declaration; for a person can not split one cause of action into several suits. When there are several breaches of one contract or duty he must in one action sue for all. The land-owner can not sue now for failure to build one crossing here, and recover, and then bring another suit for the failure to build another there on the same land. 7 Rob. Pr. p. 175, § 7. This is a good reason for allowing such amendment. It is not necessary to say whether we may separate fencing, guards, and crossings, making each a separate ground of action, so far as to say that where the original declaration is based on failure to fence, an amended declaration may or may not proceed for failure to make crossings or cattle-guards.

Amendments are allowed with liberality, because we do not always grasp a case correctly at first, for one reason or another, and they tend to promote fair trial and end litiga-.

tion. Any amendment is allowable so it do not bring in a substantive cause of action foreign to the case as made by the original declaration—one having in itself a separate existence from that named in the original declaration. The cases in this court uphold this view. *Snyder* v. *Harper*, 24 W. Va. 206 ; *Kuhn* v. *Brownfield*, 34 W. Va. 252 (12 S. E. Rep. 519); *Lamb* v. *Cecil*, 28 W. Va. 653. I think there is no doubt, that in amendment the damages may be increased under the specifications of damages.

. So the court did not err in overruling the demurrer and motion to discard the amended declaration, or in refusing to strike it out of the case.

The fourth assignment of error is that the court erred in allowing plaintiff to amend his declaration by inserting again therein a claim of one thousand dollars damages, marked "No. 1." This claim had been by the court stricken from the declaration, and it was afterwards re-inserted. It was only an amendment. It was properly in the declaration, and the court erroneously—it is said inadvertently —struck it out. But it is said its addition made the damages claimed sum up beyond the amount claimed in the *ad damnum* clause at the close of the declaration. I think this made no difference. The amount recovered was less than the amount claimed by writ or declaration. The specification of items of damages may exceed the sum named in the conclusion of the declaration. *Tassey* v. *Church*, 39 Am. Dec. 65 ; *Merrill* v. *Curtis*, 57 Mo. 152 ; *Palmer* v. *Mill*, 3 Hen. & M. 502 ; 1 Bart. Law Pr. 328 ; 4 Minor, Inst. 1158.

It is contended that the order striking this item from the declaration was final, and could not be re-called at a subsequent term and the claim or specification re-admitted to the case, as a final judgment made at one term can not be set aside at another. But that order was merely interlocutory, and could be changed at any time before final judgment. Can not a plea be rejected at one term and afterwards allowed? or admitted and afterwards rejected ? or a count in a declaration be stricken out, and at a later term restored ? or a demurrer to the count be sustained, and later overruled ? Certainly so, if the point is merely decided not

carried into judgment, as it is but an opinion till then.   If
there were a judgment that the plaintiff take nothing by
that particular count—if in this case the court had entered
judgment that the plaintiff take nothing on account of this
item No. 1—there would be more strength in the claim that
it was beyond amendment; but even then might be doubt-
ful.   Ever so many points may be decided during the
course of the suit, but if the decision on them pass not into
final judgment on them—a judgment ending them—there
is no *res judicata.*   Surely the plaintiff could not have taken
a writ of error to the order striking this item from his dec-
laration.   This order striking out this item was an order
sustaining a demurrer to a small part of the declaration, an
item of its claim; and I understand that it is everywhere
admitted, that an order merely sustaining a demurrer, with-
out more, is merely an interlocutory order not final.   The
case is in court, till a final judgment ends it; and before
that the order may be reviewed and recalled.

It is contended, that after demurrer sustained the same
declaration can not be again filed.   If there was final judg-
ment, it could not; if not, there need be no further decla-
ration, as the old one is yet alive.   It is urged that a judg-
ment sustaining a demurrer to a declaration has been held
to be *res judicata*, and we are referred for authority to *Poole
v. Dilworth*, 26 W. Va. 583, and *Corrothers* v. *Sargent*, 20
W. Va. 356, holding that a judgment upon a demurrer
going to the merits is an effectual bar to further litigation
as to every matter, whether specially stated in the pleading
or not, provided it be clear it was necessarily decided in the
suit.   So it is, when the adjudication is final, but every-
where we are told, that to have such effect it must be final;
technically final, not merely interlocutory.   5 Rob. Pr. 9;
*Burner* v. *Hevener*, 34 W. Va. 775 (12 S. E. Rep. 861).   Sus-
taining a demurrer is not final but revocable, unless carried
into judgment, even where the demurrer goes to the whole
case.   1 Black, Judgm. § 29.

The fifth assignment of error is in refusing to require
plaintiff to file a statement of the particulars of his claim,
as required by chapter 130, s. 46, Code.   In the first place,
the declaration gives a minute clear statement of the

grounds of plaintiff's action, and descends to particulars by particularizing the cattle-guards, crossings and fencing not made, locating the points of omission, and averring as to crossings that for want of them plaintiff was damaged in the farming and tillage of the land, and as to cattle-guards that he lost the pasturage of the land for certain periods; as to fencing he lost the pasturage for a time, and was compelled to build fences himself at a specified expenditure; specifying the amount of damage claimed on account of each crossing, guard or fence omitted, which specification of each item of damage seems unnecessary, the claim of a sum of damage at the close being all that is necessary. *James* v. *Adams*, 16 W. Va. 257.

The claim being a claim by an owner of cleared land for damage for refusal to fence off the track and put in crossings and guards necessarily tells that the damage is from inconvenience, injury and loss in the use of the land for grazing and agriculture because of the absence of these conveniences or necessities, without specifying killing of cattle, delay or obstruction in passing over the track with vehicles containing farm products, or carriages of travel, or any of the multitudinous instances in which inconvenience, obstruction, delay, increased labor and loss might flow from the absence of such fences, guards and crossings.

It is contended broadly by counsel for appellee that section 46, c. 130, Code, providing that "in any action or motion the court may order a statement to be filed of the particulars of the claim or ground of defence," does not at all apply to cases of tort; citing *City of Plymouth* v. *Fields*, 125 Ind. 323 (25 N. E. Rep. 347) and other cases. But I think the proposition, that in no case of tort can this statute apply, is entirely too broad. The power existed at common-law in a court to require a bill or statement of the particulars of the claim or defence, because the court has inherent power to direct the conduct of a trial and to do those things incidental in nature necessary to advance justice and prevent surprise. The statute is but declaratory of common-law. But by no means can it be rightfully asked in every case. It can be demanded only in those cases where the declaration or plea is allowably of

so general a nature as not to apprise the party of the real cause of action or defence, which he is to meet. I say allowably, for if the declaration or plea is more general or indefinite than is allowed by law, a demurrer or objection should be interposed, and a demand for particulars can not take the place of a demurrer. *Shadock* v. *Plank Road Co.*, 79 Mich. 7 (44 N. W. Rep. 158); *Railroad Co.* v. *Payne*, 86 Va. 481 (10 S. E. Rep. 749); opinion in *People* v. *Monroe*, 4 Wend. 200. Its application is not so frequent in actions of tort as in actions based on contract, not because damages are unliquidated in tort, but because the declaration must in such cases have the requisite definiteness to inform the defendant of the nature of the cause of action, and the particular act or omission constituting the tort, else a demurrer will lie. But it has often been required in actions for torts and even in criminal cases. It is only applicable, where it appears that the party for any cause is placed in a situation such, that justice can not be done without information to be obtained by specification or bill of particulars. *Com.* v. *Snelling*, 15 Pick. 321. The subject is elaborately discussed in *Tilton* v. *Beecher*, 59 N. Y. 176. Our Code is the same on this point as the Virginia Code, and in *Asylum* v. *Flannagan*, 80 Va. 110, the applicability of the statute to torts is substantially recognized.

Some of the authorites hold that the requirement of such specification of particulars is only discretionary, and the improper exercise of the power to require not a subject of review in the appellate court (*Com.* v. *Giles*, 1 Gray, 466–469) but I think that the refusal to require it in a proper case would be reviewable. It is important to discriminate as to what such specification must contain. It is to contain only grounds or particulars of cause of suit or defence; not evidence, not matter merely evidential. A party is not entitled to call for a specification of evidence. *Garfield* v. *Paris*, 96 U. S. 557. Its office is to inform the party of the causes of action to be relied on at the trial not specifically set out in the declaration. *Bowman* v. *Earle*, 3 Duer, 694; *Davis* v. *Freeman*, 10 Mich. 188. It is not a part of pleading so as to be demurrable. Defects in it can not be reached by demurrer. So decided in *Abell* v. *Insur-*

*ance Co.*, 18 W. Va. 400, and Judge GREEN refers to the section of Code I am now ·considering; but I think that case involved not that section but section 11, c. 125, but it is good law as to section 46 also.    Abb. Tr. Brief, 137· But the party will be restricted in proof on the trial to the particulars it specifies as strictly as if it were a pleading. *Com.* v. *Snelling*, 15 Pick. 321; *Com.* v. *Giles*, 1 Gray, 469.

The sixth assignment of error is, that the court refused to set aside the verdict. Under this head it is argued, that there was no plea to the amended declaration. This goes on the theory, that after the plea of not guilty had been entered to the amended declaration as to the item No. 1, claim for one thousand dollars for failure to construct a crossing on farm No. 1, which had been stricken out of the record, as stated above, the court allowed it to be reinstated in the declaration, and there was after this no plea, and thus to a part of the declaration there was no plea.

In *Power* v. *Ivie*, 7 Leigh, 147, and *Roderick* v. *Railroad Co.*, 7 W. Va. 54, it is held that, where there is a plea to a declaration, and it is not withdrawn, it shall be regarded as applicable to an amended declaration. Why not? The amended declaration is still on the same cause of action as that counted upon in the original. The plea is "not guilty" to the cause of action. Here the amended declaration still remained, and only an item of specification of a ground of claim is inserted. If it were a new count on same cause of action, I think the old plea would be applicable to it.

Assignments of error 7, 8, and 9.    Refusals of instructions asked by defendant.

Instruction No. 2. "The jury are instructed that if they believe from the evidence that the railroad company did construct convenient crossings on the plaintiff's lands at the time the road was opened for business, then the plaintiff can not now complain of the failure to construct other crossings at other points on his lands, provided they believe from the evidence that the ·crossing so constructed· were convenient."

The statute (section 14, c. 42, Code 1891) provides, that where land is condemned to ·the use of a railroad and is cleared and fenced, the company shall construct and ever

maintain suitable farm-crossings, cattle-guards and fences on both sides of the land taken. When once the company has put in suitable crossings, can it be required later to put in additional ones? No authority has been cited to the exact point, and I have found none. In *Wademan* v. *Railroad Co.*, 51 N. Y. 568, under such a statute it was held that if the statute give no election in terms to the land-owner, it is the right of the company to say where the crossing shall be; but in the exercise of this right regard must be had to the convenience of both parties, and such a location must be made as will not subject the owner to needless and unreasonable injury. 1 Ror. R. R. 494. Must the company change the crossings in place or add new ones with the changing caprices or even needs of the owner? If the owner sell part of his land, must the company then make a crossing on that part sold, and must it keep on adding crossings as further sales of parts are made? I think not. Therefore the instruction was proper, and it was error to refuse it.

Instruction No. 3. " The jury are instructed that they have the right to consider the construction of the gates by the defendant at the crossings, in connection with the other evidence in the case, in arriving at a conclusion whether or not the defendant has failed to construct suitable cattle-guards, and that, if they believe from the evidence that the construction of the gates by the defendant was sufficient to prevent cattle and other stock from going upon the railroad, then they have a right to consider this in arriving at a conclusion as to the necessity of construction of cattle-guards."

It was error to refuse this instruction. Where the company fences on both sides of its right of way, and puts in a farm crossing, and puts in gates to allow access to the crossing, it need not make cattle-guards at the farm crossing, it being a merely private crossing, not a highway. The gates are not expected to remain open, and, when stock is crossing, it is expected to be in charge. The cases requiring such guards at crossings refer to crossings of public highways. 7 Am. & Eng. Ency. Law 915 ; *Railroad Co.* v. *Barton*, 80 Ill. 72; *Cook* v. *Railroad Co.*, 36 Wis. 45; *Bartlett*

v. *Railroad Co.*, 20 Ia. 188 ; *Pennsylvania Co* v. *Spaulding*, (Ind.) 13 N. E. Rep. 268; *Dent* v. *Railroad Co.*, 83 Mo. 496 ; *Sather* v. *Railroad Co.*, 40 Minn. 91 (41 N. W. Rep. 458); *Railroad Co.* v. *Severin* (Neb.) 46 N. W. Rep. 842 ; *Fitterling Railroad Co.*, 79 Mo. 504 ; *Brooks* v. *Railroad Co.*, 13 Barb. 594.

It is argued as if the company, by putting up gates not mentioned in the statute, had done away with its mandate, and substituted for guards, called for by it, gates. It is not so. The gate is only part of the fence required to be built. 3 Wood, R'y Law, § 420. The gate is only a means of access to the crossing, and, there being no fence there dividing fields, the mere presence of the crossing does not call for guards. Gates or bars are all that are required. A cattle-guard is defined to be an appliance to prevent animals from going on land adjoining the right of way, to prevent their passing along a right of way into an improved and fenced field. 7 Am. & Eng. Ency. Law, 912 ; *Hurd* v. *Railroad Co.*, 25 Vt. 116 ; *Railroad Co.* v. *Cunningham*, 13 Am. & Eng. R. Cas. 529.

Instruction No. 4. "The jury are instructed that they have the right to take into consideration the uses to which the plaintiff put his lands, and the crops that the plaintiff raised on his lands, in arriving at a conclusion as to the plaintiff's claim for damages in this case ; and that, if they believe from the evidence that he has had the free use and benefit of his lands for the purpose of farming the same during the time from January 1, 1887, to March 15, 1890, then he can not recover in this case."

All said in the brief of appellant's counsel as to this instruction is that the declaration states the injury to the plaintiff to be in the use of his land for farming and tillage, whereas the evidence is largely based on loss and injury to to stock. I should think that raising stock was a part of the business of farming and tilling soil. I think this instruction was properly refused. What does it mean ? Does it mean that, if he had the use of the land in such way that in fact he suffered no loss, he could not recover ? It does not say so. Does it mean that, if he had full use of his land, he therefore suffered no assessable damage from want

of fences, guards and crossings? If so, it would be wrong. It is vague, indefinite, and misleading, and it would be hard for a jury to say just what it was intended to say, and is therefore objectionable. *Carrico* v. *Railroad Co.*, 35 W. Va. 391 (14 S. E. Rep 12); *Levasser* v. *Washburn*, 11 Gratt. 572.

The tenth assignment of error relates to an objection to evidence to sustain item No. 1 of claim, for one thousand dollars for omission of farm crossing on tract No. 1, on the theory that this claim not being in original declaration could not be inserted in the amended declaration as if it were a new cause of action. I have already discussed this subject.

The eleventh assignment of error is to the admission of certain evidence. In reference to failure to construct a crossing on track No. 1, one thousand one hundred and twenty feet above and southeast of West creek and four hundred and seven feet above it, the line of tract No. 1, the plaintiff, in answer to a question, as to why there should be a crossing there, said, that without it it was too far to haul fodder or corn to one place, and another crossing would shorten distance and enable him to farm properly; and this evidence is said not to be sheltered under anything in the declaration, when in regard to this very omission the declaration alleges a crossing there to be necessary to enable the plaintiff to properly use and farm tract No. 1, and that by the omission to put in the crossing he had been damaged two hundred and fifty dollars in the farming and tilling of the tract.

The brief of counsel contends, that evidence of plaintiff, that Fickenger and Fleming, while the road was building, agreed to build this particular crossing, is inadmissible, since there is no evidence of their agency or authority to bind the company. An agent must have authority to do an act to bind his principal, and one claiming under his act or contract must show his authority to do the particular act. *Curry* v. *Hale*, 15 W. Va. 867. To bind the company by admissions of agent, he must have authority as to the subject. *Coyle* v. *Railroad Co.*, 11 W. Va. 94; Mechem Ag. § 714; *Armil* v. *Railroad Co.* (Iowa) 30 N. W. Rep. 42;

*Drake* v. *Railroad Co.* (Iowa) 29 N. W. Rep. 804. I do not think, that, because Fleming was acting as road-master, it thence follows without proof, that he had the right to make this contract, or that it was within the scope of his authority. It will not do to say, that this evidence is immaterial and ought not to set aside a verdict. It was strong evidence to fix a duty on the company to build this crossing. In *Taylor* v. *Railroad Co.*, 33 W. Va, 39 (10 S. E. Rep. 29) it was held that, if illegal evidence is admitted against objection, it will be presumed, that it prejudiced the party; and, if it may have done so, though it be doubtful whether it did or not, it will be cause for reversal.

Assignments of error from 12 to 22, inclusive. These relate to objections to evidence relative to said item one of one thousand dollars, reinstated in the declaration as above mentioned, and objections to evidence to sustain claims for damages for failure to make crossings, guards and fences in the absence of a bill of particulars of claims, and objections to evidence to items of claims based on the theory that these claims were not in the original, but were for the first time inserted in the amended declaration, and were new causes of action foreign to the cause of action in the original declaration declared upon. These points have been already discussed. In so far as these assignments of error relate to evidence under claims for damages for failure to put in cattle-guards at crossings made or omitted to be made, I have above said enough thereon.

Twenty third assignment of error. A claim for damage on account of failure to fence land. In the evidence objected to, witness said the land would pasture a given number of cattle a month, worth a certain price. Why is this not an item or element in the assessment of damage?

Twenty fourth assignment of error. I see no objection to the McDonald evidence. The witness, knowing the land, having viewed it, said there ought to be a crossing at a certain place. The evidence should have relation in time to the opening of the road for use.

Twenty fifth assignment of error not insisted on.

Twenty sixth assignment of error. Ihle said as to a crossing not built, that it was the only natural way to get

to the river, the only way to get there, and also that there ought to be a guard there, and that the land was worth so much per acre for pasture. This evidence is said to be mere guess-work. I think it admissible. It bears on inconvenience of use of land for farm purposes, and is an element in the process of estimation of damages.

Twenty seventh assignment of error. Ihle gave his opinion as to the rental of the land, saying it was worth nothing without cattle-guards and crossing, there being no way to get to it; and that it was shut off from the river. This seems admissible.

Twenty eighth assignment of error. Pound said a crossing at a point would be convenient to get to the river, of value to the farm and would make it sell better. I can not see why this is not admissible. It bears on the convenience and facility and use of the farm for tillage and general purposes for which land is used.

Twenty ninth assignment of error. A deposition was given in evidence to prove that Fleming, a road-master of the defendant company, agreed with plaintiff in regard to the places to locate and build farm crossings and cattle-guards, and that four crossings, with cattle-guards, should be built at certain points. There was no evidence of the authority of Fleming to bind the company by this act. Was the agreement within the scope of his authority? We are not informed. I have above cited authority, if any were needed on so plain a proposition, to show the requirement of power of the assumed agent. He bound the company to build guards at farm crossings which it was not bound to do, as stated above. He could not impose on them, by his authority as agent, a burden to do what the law did not require. This evidence was not admissible. It is argued for the defendant in error that it is not attempted to impose the duty by contract, but by force of law. Then why introduce the evidence of contract? And it goes to make a duty to put in guards at places not required by law, and it tends to make necessary and requisite crossings at places where perhaps they were not required, if the question of their propriety there were left free from the contract.

Thirtieth assignment of error. The plaintiff was recalled to prove that Fickinger and Fleming agreed to put crossings at particular places. This evidence is objectionable for reasons stated under assignments of error.

The point that it ought to have been given in chief, and was too late after the plaintiff rested his case. This was to corroborate another witness, and ought to have been in chief, but it is not ground for reversal. "Whether a plaintiff shall be allowed to give further evidence after the defendant's evidence is introduced is a matter within the discretion of the court trying the case, and its exercise will rarely, if ever, be controlled by an appellate court." Clearly, he is entitled to introduce evidence to rebut that of the defendant. *Brooks* v. *Wilcox*, 11 Gratt. 411; *Robinson* v. *Pitzer*, 3 W. Va. 335; *Bowyer* v. *Knapp*, 15 W. Va. 227. Judgment reversed, verdict set aside, new trial awarded, and remanded.